UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KIRK GUILBEAU** | **CIVIL ACTION** |
| **VERSUS** | **NO:     09-7631** |
| **EMPIRE SCAFFOLD, LLC ET AL.** | **SECTION: "N" (4)** |

### ORDER

**IT IS ORDERED** that Plaintiff, Kirk Guilbeau's ("Guildbeau"), **Plaintiff's Motion for Expedited Hearing (R. Doc. 126)** is **GRANTED.** The motion will be considered on the briefs.

Before the Court is **Plaintiff's Motion to Quash Depositions (R. Doc. 129)** filed by the Plaintiff, seeking an Order quashing the following depositions noticed for December 2, 2010: (1) Records Custodian for University of Houston-Victoria (in Victoria, TX); (2) Records Custodian for University of Houston-Downtown (in Houston, TX); (3) Records Custodian for University of Houston-Clear Lake (in Houston, Texas); and (4) Records Custodian for University of Houston (in Houston, Texas). The Defendants did not file an opposition to the motion.

According to the Scheduling Order, the deadline in which to complete discovery is October 7, 2010. However, on September 17, 2010, the presiding Judge extended the discovery deadline until November 5, 2010. (R. Doc. 66.) The Scheduling Order states that "deadlines . . . fixed herein may only be extended by the Court upon motion filed in compliance with the Plan and Local Rules and upon showing of good cause." (R. Doc. 12, p. 2.) The trial is set to commence on December 6, 2010.

Under the Federal Rules of Civil Procedure, a scheduling order may only be modified for good cause shown and with the Judge's consent. Fed. R. Civ. Pro. 16(b)(4). In determining whether a party has provided good cause to seek discovery beyond the deadline set in the Scheduling Order, Courts may examine four factors: "(1) the explanation for the untimely conduct; (2) the importance of the requested untimely action; (3) the potential prejudice in allowing the untimely conduct; and (4) the availability of a continuance to cure such prejudice." *Huey v. Super Fresh/Sav-A-Center, Inc.*, No. 07-1169, 2008 WL 2633767, at *1 (E.D. La. June 25, 2008) (citing *S & W Enters., LLC v. S. Trust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S & W Enters., LLC*, 315 F.3d at 535 (internal quotations and citations omitted).

Although the deadline to *complete* discovery passed on November 5, 2010, the Defendants noticed depositions to occur on December 2, 2010, after the discovery deadline and only four (4) days before trial. Further, the Defendants did not timely apply for an extension of the discovery deadline as required by the Scheduling Order, nor did the Defendants make any arguments under the Rule 16(b) good cause standard.

Accordingly,

**IT IS ORDERED** that Kirk Guilbeau's **Plaintiff's Motion to Quash Depositions (R. Doc. 129)** is hereby **DENIED.**

New Orleans, Louisiana, this 19th day of November 2010

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

2