UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KIRK GUILBEAU                                                CIVIL ACTION

VERSUS                                                       NO. 09-7631

CAPITAL SAFETY, INC.                                         SECTION "N" (4)

## ORDER AND REASONS

Before the Court is Defendant's Motion in Limine to Exclude Any Reference to Hisaw's Accident (Rec. Doc. 136). Empire Scaffold, LLC ("Empire") seeks to exclude any reference to the accident of Whitney Hisaw ("Hisaw"), an Empire employee who was present on the Constitution spar when Plaintiff was injured.[1] This motion is opposed. (See Rec. Doc. 140).[2] After considering the memoranda of the parties and the applicable law,

---

[1] Hisaw did not witness the accident and did not construct the scaffolding on which Plaintiff was injured. Hisaw allegedly fell from a scaffold on another rig. Empire claims that Hisaw's accident differs from Plaintiff's in the following ways: (1) Hisaw was acting as a scaffold builder - not a scaffold user; (2) Hisaw accessed the scaffolding after hours, at night; (3) Hisaw was not attempting to access a scaffold ladder when he fell; and (4) Hisaw ducked under a fixed part on the platform and not part of the scaffolding immediately before his fall.

[2] Plaintiff argues that a principal issue in this case is whether the scaffold designed and erected by Empire and from which Plaintiff fell should have included an access gate so that Plaintiff did not have to go over or through the rail to depart the scaffold. Plaintiff asserts that as a supervisor and scaffold erector employed by Empire, Hisaw should be presumed competent to design, erect, and modify scaffolds. Plaintiff asserts that the scaffold from which Hisaw fell was similar to the one from which Plaintiff fell because they both lacked an access gate for safe ingress and egress. Hisaw testified that he fell while ducking under the rail after he lost his balance. Hisaw has testified that the purpose of the scaffold gate is to allow ingress and egress without going through or over a rail. Plaintiff argues that Hisaw's accident, which occurred before Plaintiff's accident, was known to Empire, and as a prior similar incident, is relevant to Defendant's appreciation of the hazard and the magnitude of the hazard involved.

**IT IS ORDERED** that, for substantially the same reasons stated by Empire, the **Motion in Limine to Exclude Any Reference to Hisaw's Accident (Rec. Doc. 136)** is **GRANTED**. The Court concludes that Hisaw's accident, which occurred on a scaffold which was in an entirely different configuration and location from the scaffold from which Plaintiff fell is far too attenuated to be relevant in this case. This decision might be different had Hisaw's accident occurred on the very scaffold from which Plaintiff fell, in the same manner of activity. However, because it is so disconnected from the incident in this action, admitting such evidence would mean allowing a trial of Hisaw's accident within the trial of this matter, something which this Court is unwilling to allow. Further, it appears to the Court that Plaintiff is attempting to have Hisaw testify as a quasi-expert in the area of scaffold design and erection (i.e., whether the scaffold from which Plaintiff fell should have included an access gate). This question is within the province of the jury, and it is not necessary or proper for Hisaw to "opine" as to such matters.

New Orleans, Louisiana, this 23rd day of November 2010.

_____
KURT D. ENGELHARDT
United States District Judge